UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

RICHARD RAY HUGHES,
            *Defendant-Appellant.*

No. 03-4521

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MANUEL CARRIZOZA,
            *Defendant-Appellant.*

No. 03-4594

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-02-45)

Submitted: February 19, 2004

Decided: March 16, 2004

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Gregory A. Newman, BLANCHARD, BOWEN, NEWMAN & HAYES, Hendersonville, North Carolina; Sue Genrich Berry,

BOWEN, BERRY, POWERS AND SLAUGHTER, P.L.L.C., Wilmington, North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Richard Ray Hughes and Manuel Carrizoza were convicted in separate trials for their involvement in a conspiracy to distribute at least fifty grams of methamphetamine, in violation of 21 U.S.C. § 846 (2000). Hughes was sentenced to 192 months incarceration, 5 years of supervised release, and a $100 special assessment. Carrizoza was sentenced to 360 months incarceration, 10 years of supervised release, and a $100 special assessment. Both timely appealed, and their appeals have been consolidated.

First, Hughes argues the evidence was insufficient to sustain his conviction. This Court reviews a challenge to the sufficiency of the evidence to determine whether, viewing the evidence in the light most favorable to the Government, there is substantial evidence to support the conviction. *United States v. Glasser*, 315 U.S. 60, 80 (1942). This claim is meritless. Multiple witnesses testified regarding Hughes' drug activity, and their credibility is not subject to appellate review. *See, e.g.*, *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997).

Second, Hughes argues the district court erred by failing to grant him a two point reduction in his offense level for being a minor participant in the conspiracy. We review the district court's denial of a minor role adjustment for clear error. *United States v. Daughtrey*, 874 F.2d 213, 218 (4th Cir. 1989). This claim is meritless. Hughes has not

established he had a minor role in the conspiracy. *U.S. Sentencing Guidelines Manual* § 3B1.2(b) (2002).

Third, Carrizoza argues the district court erred, under Fed. R. Evid. 404(b), in admitting evidence from searches of his residences. We review this claim for plain error because Carrizoza did not raise this challenge in district court. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). This claim is meritless. Federal agents searched Carrizoza's residences in the course of their investigation of his involvement with the instant conspiracy. The searches thus revealed evidence directly related to the conspiracy for which Carrizoza was indicted, not evidence of "prior bad acts" under Fed. R. Evid. 404(b).

Fourth, Carrizoza argues the district court's jury instructions constituted a constructive amendment of the indictment. In reviewing this claim, we note that a "constructive amendment violates the Fifth Amendment, is error per se, and must be corrected on appeal even when the defendant did not preserve the issue by objection." *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999). This claim is meritless. The jury instructions did not broaden the indictment's basis for Carrizoza's conviction. *Id.*

Fifth, Carrizoza argues the district court erred at sentencing in determining the drug quantity for which he was liable. We review a sentencing court's drug quantity determinations for clear error. *United States v. D'anjou*, 16 F.3d 604, 614 (4th Cir. 1994). This claim is meritless. The district court's findings were based on the Presentence Investigation Report, and Carrizoza does not show these findings are inaccurate or unreliable. *United States v. Randall*, 171 F.3d 195, 221 (4th Cir. 2000).

Accordingly, we affirm the convictions and sentences of Hughes and Carrizoza. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*